Dickman, J.
On the 7th day of July, A. d. 1879, James P. Gay leased to John R. Davey and A. B. Allen, the defendants in error, certain premises in the city of Cincinnati for the term of three years from that day, the lessees to have the privilege of a further term of two years, commencing with the 7th day of July, 1882. The premises — used for manufacturing purposes — are described as situated in the city of Cincinnati, being three rooms on the front of the first, second and third floors of James P. Gay’s main building fronting on the north side of New street, and the room in the third - story of the addition to the main building; also a strip of ground lying on the west side of the main building, being twelve feet in width on the north side of New street, and running back the same width to the building described as the addition to the main building, the lessor to erect a one-story brick office twelve feet by sixteen feet adjoining the southwest corner of the building on New street, for occupancy by the lessees.
As rent, the lessees were to pay during the term of three years, the sum of $125 per month, payable monthly, commencing on the 7th day of August, 1879, and on the 7th day of each and every month thereafter during such term.
*399 The entire building including the apartments leased to Davey and Allen, was destroyed by fire on the 11th day of December, 1880, but was rebuilt by the lessor, and was ready for occupancy in the early part of January, 1881. When the building was restored, the lessees declined to pay rent from the time of restoration, and the lessor commenced suit in the Superior Court of Cincinnati to recover the rent from January 7, 1881, to May 7,1881.
The lessees set up in defense, that by the terms and provisions of the lease under which they had occupied the premises, it was stipulated, that if the occupied premises were destroyed or rendered untenantable by fire or unavoidable accident, they were not to be required to pay any rent thereafter ; that the premises were totally destroyed on the 11th day of December, 1880; that they did not use, occupy or enjoy the premises at any time thereafter; that the premises were destroyed without any default or neglect on their part; and that the lessees thereupon surrendered possession of the premises to the lessor.
The lessor, in reply, denied' that the premises included in the lease were totally destroyed by fire, and alleged that there was only a partial destruction of the same — the brick office not being materially injured and continuing tenantable; and further denied that the premises were ever surrendered to the lessor by the lessees.
The lease contained the covenant: “ That said lessees will pay said rents, in manner aforesaid, except said premises shall be destroyed or rendered untenantable by fire or unavoidable accident.”
Before the trial, the death of the plaintiff was suggested, and it was ordered that the action be revived in the name of Sarah E. Gay, the plaintiff in error, as executrix of the last will and testament of James P. Gay, deceased.
On the trial, a jury being waived, the court, upon the testimony, found in favor of the plaintiff, and entered judgment for the amount claimed, with interest and costs. The defendants thereupon filed their motion to set aside the judgment, and for a new trial, mainly on the ground that the *400 finding of the court was against the weight of the evidence, which motion the court overruled, the defendants excepted, and by bill of exceptions placed all the testimony on the record. The defendants, on petition in error in the district court, assigned for error, that the judgment rendered by the superior court was against the weight of the evidence, and that the superior court erred in overruling their motion for a new trial. The district court reversed the judgment of the superior court, and proceeding to render such judgment as it considered that court should have rendered, rendered a final judgment for the lessees, John R. Davey and A. B. Allen, and dismissed the action of Sarah E. Gay, executrix. By this proceeding, it is sought to reverse the judgment of reversal, as also the final judgment rendered by the district court.
Material facts necessary to sustain a judgment were in issue between the parties. The main ground upon which the defendants predicated their motion to set aside the judgment and for a new trial, was, that the finding of the court was against the weight of the evidence. When the reviewing court reversed the judgment of the court below for error in overruling such motion, the only judgment which should have been rendered after reversal was, to grant a new trial, as moved for in the trial court. The case in the district court was not one for a final judgment. The lessees were not entitled to judgment on the pleadings. There was no agreed statement of facts, and no finding of facts by the court to which the case had been submitted on the evidence; and it was a case in which the right existed to demand a jury. For aught appearing to the contrary, upon remanding the case for further proceedings, any unavoidable defect in the evidence, on the hearing before the court, might, in furtherance of justice, have' been supplied in a second trial. We are of the opinion therefore, that in reversing the judgment of the superior court, the district court erred in rendering final judgment for the lessees Davey and Allen', instead of remanding the case for a new trial. See Emery's Sons v. *401 National Bank, 25 Ohio St. 360; Miller v. Sullivan, 26 Ohio St. 639; Stivers v. Borden, 20 Ohio St. 232.
In remanding the cause for further proceedings, there are legal principles that claim consideration. Where the tenant who expressly covenants to pay rent, has not protected himself bjr a saving clause in the lease, the proposition is generally true, that he will be bound to continue the payment of rent after the destruction of the tenement by fire or unavoidable accident, and will have no relief against such express covenant. Having by his own contract created a duty or charge upon himself, he will be bound to make it good, notwithstanding any accident or inevitable necessity; because, against such casualty he might have provided by his own contract, if he had thought proper to do so. Linn v. Ross, 10 Ohio 412.
But under the facts, as it is claimed they exist, the defendants' in error insist, that they are discharged from the payment of rent by the stipulation in the lease that, if the premises occupied by them should be destroyed, or made untenantable by fire or unavoidable accident, they were not thereafter to be required to pay rent. If the lease had contained a covenant on the part of the lessor to rebuild the premises if destroyed, and he had róbuilt in accordance with his covenant, the stipulation would not discharge the lessees from liability to pay rent. But, the lessor was under no obligation to rebuild, and the rights of his tenants secured by stipulation in the lease, and accruing immediately upon the destruction of the premises by fire, were not to be kept in abeyance by the contingency of the lessor’s concluding to rebuild. If however, after the building was burned, the owner was requested and induced by the lessees to rebuild for the lessee’s use and occupation, they could not justly avoid the payment of rent, after the building had been restored to its former condition.
Furthermore, it is contended in behalf of the defendants in error, that they, are relieved from the payment of rent under section 4113 of the Revised Statutes. That section reads as follows: “ The lessee of any building which, without any *402 fault or neglect on his part, is destroyed or so injured by the elements, or other cause, as to be unfit for occupancy, shall not be liable to pay rent to the lessor or owner thereof, after such destruction or injury, unless otherwise expressly provided by written agreement or covenant; and the lessee shall thereupon surrender possession of the premises so leased.”
The obvious design of this statutory provision is, to relieve from hardship the tenant who has inadvertently neglected to protect himself by express covenant in his lease, against the necessity of paying rent, after the leased premises have been destroyed by fire or other casualty. But, to secure the benefit of the statute, the tenant must surrender or yield up all - that remains of th'e premises embraced in the lease, without any purpose or intention of resuming possession thereof.. The legislature has absolved the tenant from an onerous obligation, but the burden is removed only upon his compliance with the statutory condition. The statute, in case the buildings are destroyed, does not clothe the landlord with the power of terminating the lease, and if the tenant alone is to have the option of so doing, and may be discharged from the obligation to pay rent, he must give up the possession and control of the premises to him who is entitled to the reversion. If he would! preserve the lease in full force, and avail himself of its advantages, he must also bear any incidental hardship that may arise during its continuance. The clause in the statute for surrendering possession of the premises would be without significance, if not construed as qualifying the provision for a release of the tenant from the payment of rent.
In Johnson v. Oppenheim, 55 N. Y. 280, the court of appeals, in construing chapter 345 of the New York Laws of 1860, which is substantially the same as the statute of Ohio, in pari materia, say:
“ The act provides that, upon the destruction or injury of leasehold buildings so that the same are untenantable, the tenant shall not be liable or bound to pay rent, and that he may thereupon quit and surrender the possession of the premises. The tenancy is not made absolutely to cease, except at the option of the tenant. He is relieved from his obligation, *403 if h'e chooses to -avail himself of the provisions of the act, or he may perform the covenants of his lease and retain the benefit of it; but he cannot have the benefit of the law, and, at the same time, repudiate its obligations. If he elects absolution from its obligations, the act, by necessary implication, imposes as a condition the surrender of the premises.”
Such, is manifestly the correct interpretation of the statute. But it is contended the rule is well settled, that, in the absence of covenant, when the subject-matter of the demise is destroyed by fire or other casualty — as a house, where the land on which it rests is not rented, or apartments in the house, whether for purposes of trade or otherwise — the destruction of the building terminates the relation of landlord and tenant, and there is nothing left to surrender to the owner or lessor. While this may be a correct statement of the general principle, the contract o’f lease, in the case at bar, was entire, and embraced not only the rooms in the destroyed building, but also the one-story brick office, and the strip of ground lying on the west side of the main building. If, -therefore, the building was totally destroyed by fire, and a surrender of the leased rooms became impossible, it could not be so said of the office and strip of ground, if the lessees, after the fire, continued to use and occupy the same until the building was restored and ready for occupancy; As to those portions of the demised premises that were not destroyed, and remained tenantable, there was no apparent obstacle in the way of a surrender as contemplated in the statute.
The final judgment in favor of Davey and Allen should be reversed, and cause remanded.

Judgment accordingly.